## NELS ANDERSON v. E. D. BEEMAN.

FILED OCTOBER 6, 1897.　No. 7456.

1. **Evidence: Books: Bill of Exceptions: Review.** In the district court there was a compliance with all the requirements of section 346, Code of Civil Procedure, to entitle a book of original entry to be received in evidence, unless, perhaps, there might have been a failure to "show a continuous dealing with persons generally or several charges of items at different times against the other party in the same book." *Held,* That, as this showing must be by the book itself, the failure to make such book or its contents a part of the bill of exceptions renders it impossible to consider whether or not the district court erred in its holding that said book was admissible.

2. **Instructions: Exceptions: Review.** Where there was no exception to the giving of an instruction its correctness will not be considered in this court.

3. **Review: Sufficiency of Evidence: Bill of Exceptions: Omissions.** When a material part of the evidence has been omitted from the bill of exceptions, a judgment of the district court will not be reversed in this court because of an alleged lack of suficient evidence to sustain the verdict on which it was founded.

ERROR from the district court of Cedar county. Tried below before NORRIS, J. *Affirmed.*

*A. M. Gooding,* for plaintiff in error.

*Miller & Ready* and *Wilbur F. Bryant, contra.*

RYAN, C.

In this case E. D. Beeman filed his petition in the district court of Cedar county, asking judgment against Nelson Anderson in the sum of $115.03 for goods sold and in consideration of labor performed by the former upon request of the latter. There was a judgment in favor of Beeman in the sum of $101.16 on a verdict in that amount. Anderson, as plaintiff in error, seeks the reversal of this judgment on the grounds which we shall now consider.

It is first urged that the court erred in its instructions with reference to a matter of set-off pleaded in the answer,

from which alleged error it resulted that the jury must have been confused rather than enlightened by the particular instruction of which complaint is made. With respect to all criticisms presented in regard to instructions it is sufficient to say that there was an exception noted as to none of them; hence these criticisms cannot be considered.

It is insisted that there was error in admitting in evidence the book of original entry of the plaintiff in the district court. From the bill of exceptions it appears that due proof was made that a certain book was the original book of entries of the plaintiff in the district court, that the items therein shown were entered at or near the time of the several transactions referred to, and that the charges were just and true. As to whether the other prerequisite to justify the admission of this book in evidence prescribed by section 346 of the Code of Civil Procedure existed we cannot determine, for neither the book itself nor a copy of its contents was attached to, or made a part of, the bill of exceptions. We must assume, therefore, that the book showed a continuous dealing with persons generally, or several items of charges at different times against plaintiff in error. As to whether, as claimed, another book was necessary to render admissible the book already received in evidence we cannot determine, for the reason that there was a failure to attach this book to, or make it a part of, the bill of exceptions in any way. With this book of original entries omitted, it is evident that there is such a defect in the bill of exceptions submitted that we cannot determine whether or not the verdict was sustained by sufficient evidence, for in the nature of the case this book must have been a very important factor in making proof of the claim of the defendant in error. As has already been shown, the recovery was of a less amount than that claimed in the petition in the district court, and as there appears no error on the record, the judgment of that court is

AFFIRMED.