## MARTIN B. ATKINS v. CHARLES SEELEY.

FILED APRIL 21, 1898. No. 8018.

1. **Evidence: Books of Account.** Under section 346, Code of Civil Procedure, books of account are not admissible, unless it affirmatively appears that the essential requirements of said section are complied with.

2. ———: **Harmless Error.** The admission of immaterial evidence from which no prejudice could result furnishes no sufficient ground for the reversal of a judgment.

ERROR from the district court of York county. Tried below before BATES, J. *Affirmed.*

*N. V. Harlan* and *Gilbert Bros.*, for plaintiff in error.

*F. C. Power, contra.*

RYAN, C.

This action was brought in the district court of York county for the price of a burial case. On the trial the defendant in open court waived all matters presented by the answer; except the plea of payment. There was a verdict and judgment for the defendant.

Plaintiff insists that it was erroneous to exclude certain books of account and a bank pass-book, all of which, it is urged, were offered for the purpose of rebutting the fact of payment. In argument it is said this negative evidence was the failure of each of the books to show a credit which would have appeared had the payment of $80 in currency been made, as was testified by the defendant. These books are referred to in the bill of exceptions as Exhibit A, Exhibit B, etc., but neither of these exhibits is attached to the bill of exceptions, nor

Atkins v. Seeley.

has either been filed in the court. We cannot, therefore, determine whether or not they show a continuous dealing with persons generally, or several items of charges at different times against the same party in the same book, and this showing must appear by the book offered to render it admissible. (Code of Civil Procedure, sec. 346; *Anderson v. Beeman*, 52 Neb. 387.) The charges were not verified by the oath of the party or clerk who made the entries, to the effect that they were believed by such author of the entries to be just and true, neither was there a sufficient reason given why this verification was not made. Compliance with the requirements was indispensable to entitle plaintiff to the introduction of his books of account under the provisions of the section above cited. For either of these reasons the proposed books as books of account were properly rejected.

To excuse his inability to produce a receipted bill defendant was permitted to show that, after his wife returned home with said receipted bill, defendant's household goods and papers were in a confused condition, owing to the removal of his family to Ravenna, then in progress. We think that this was such an immaterial matter that proof of it might well have been dispensed with, and yet we cannot see how proof of it prejudiced plaintiff in any way. The same observation may be made with reference to proof of the fact that defendant had settled with Mr. Wright, who, as defendant's agent, had made the payments to plaintiff, according to the theory of the defendant. When it was further proposed to show that this particular payment was allowed as a credit in the settlement between Wright and defendant, this evidence was excluded, and thereby what might have been prejudicial error was avoided. There are complaints of testimony of certain conversations between defendant's wife and Mr. Wright, with reference to what was said and done, just before and just after the alleged payment was made. There was no objection to very much of this testimony, and a considerable portion of it was

48

given in a narrative in connection with matters which were material. There was none of it which was material admitted over defendant's objection.

In the cross-examination of plaintiff he was asked if his books had not failed to show a payment which had been made by one John Walker. It is urged, with a considerable degree of plausibility, that this should not have been permitted, especially as the books had been excluded. In his direct examination plaintiff had testified that his books showed all moneys received, and the bank book showed all deposited each day, and that in neither did this item appear. It was to meet the claim that any payment actually made would appear on his books that the question with reference to the failure to show the credit in favor of Mr. Walker was asked. In answer to this question plaintiff said that he could not say whether Mr. Walker's credit was omitted or not without looking at the books, but that, if permitted to use the books, he could make the matter very plain. He said the credit was on the books in plain figures, though such figures had not been made by himself. We cannot say that plaintiff was prejudiced by this line of examination, though the evidence itself seems immaterial.

There is found no error in the record and the judgment of the district court is

AFFIRMED.